UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAWANA JEFFER WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>X CORP., )<br>)<br>Defendant. ) | Civil Action No. 24-3428 (UNA) |

**MEMORANDUM OPINION**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*. For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff, residing in Washington, D.C., sues Twitter, Inc. or X Corp. located in San Francisco, California. Compl., ECF No. 1 at 1-2. Allegedly, on an unspecified date, Plaintiff "while actively using" her Twitter account "experienced an unexpected lockout after posting a thank you message to Elon Musk." *Id*. at 5. Plaintiff "suspect[s] that unauthorized access by a cybercriminal led to [the] lockout, which resulted in [Plaintiff's] inability to access" her Twitter account. *Id*. Claiming "financial harm," including lost wages for "a registered nonprofit organization in Washington, D.C.," Plaintiff seeks a "comprehensive forensic investigation and analysis" of her Twitter account, *id*., as well as restoration of access to the account, "measures to prevent future unauthorized access," and an unspecified amount of compensatory damages, *id*. at 6.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available

only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a).  A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

As the basis of federal court jurisdiction, Plaintiff checks the "Federal question" box, Compl. at 3, but has not plausibly pleaded a claim under "the Constitution [or] laws . . .of the United States." 28 U.S.C. § 1331.  To the extent Plaintiff invokes the court's diversity jurisdiction, *see* Compl. at 4-5, she has not pleaded an amount in controversy, much less the statutory minimum of $75,001.  Nor has Plaintiff addressed the diversity requirement by pleading the citizenship of each party, herself included.  *See Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) ("Citizenship is an essential element" of diversity jurisdiction that cannot be established by "an allegation of residence alone," and "failing to establish citizenship is not a mere technicality"); 28 U.S.C. § 1332(c) (establishing corporate citizenship).  Therefore, this case will be dismissed by separate order.

Date: February 7, 2025

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge